IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK UZOMBA, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. SA-09-CA-20-XR |
| | § | |
| HAL ADAMS, INDIVIDUALLY | § | |
|     Defendant. | § | |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF PATRICK UZOMBA, by and through his undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, files this, his Second Amended Original Complaint, against DEFENDANT HAL ADAMS, IN HIS INDIVIDUAL CAPACITY. For cause of action, Mr. Uzomba would show unto the Court the following:

**I.
THE PARTIES**

1. Mr. Uzomba is a male citizen of the United States and a Texas resident, residing at 9229 Rustlers Creek Drive San Antonio, Bexar County, Texas 78230.

2. Defendant Hal Adams is a Texas Jailer employed by the Bexar County Jail. Defendant Adams has submitted to the jurisdiction of this Court by previously answering and appearing herein. Additional service of summons is unnecessary.

**II.
JURISDICTION AND VENUE**

3. Mr. Uzomba asserts claims against Defendant for violations of his constitutional and civil rights as guaranteed by the United States Constitution and 42 U.S.C. § 1983 thereby invoking the federal question jurisdiction conferred upon this Court by 28 U.S.C. § 1331. Mr. Uzomba also asserts state common law claims against Defendant Adams, thereby invoking the supplemental jurisdiction conferred upon this Court by 28 U.S.C. § 1367.

4. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the San Antonio Division of the Western District of Texas.

## III.
## STATEMENT OF FACTS

5. On or about the evening of September 15, 2008, Mr. Uzomba was incarcerated in the Bexar County Jail located at 200 North Comal, San Antonio, Bexar County, Texas.

6. Upon information and belief, Defendant Adams was on duty and in uniform performing the functions of a jailer on September 15, 2002.

7. On the date of September 15, 2008, Defendant Adams approached Mr. Uzomba and demanded that he immediately consume a 20 oz soda that he, according to regulation, properly purchased from the commissary. When Mr. Uzomba questioned Defendant Adams why he was being ordered to do so, Defendant demanded that Mr. Uzomba to put his hands up against the wall. Mr. Uzomba obeyed as instructed. Defendant Adams then grabbed Mr. Uzomba's fingers (index and middle), and bent them sadistically and maliciously back in a saying "Resist. . . I want you to resist." When Mr. Uzomba did nothing, Defendant Adams handcuffed him, hands behind his back, and pushed and shoved Mr. Uzomba around the unit, slammed his forehead against the steel bunk. Defendant Adams then threw Mr. Uzomba onto the bed face

down and drove the full weight of his body through his knee and onto Mr. Uzomba's back several times, saying "I'm gonna break your back!"  As a result of the barbaric attack, Mr. Uzomba suffers from back pain and headaches.  Mr. Uzomba was bruised and left with permanent facial marks/scars.

8. Defendant Adams illegally confiscated Mr. Uzomba's property and allowed inmates to loot his personal belongings and legal papers.

9. Defendant Adams was brutally wanton and his actions were unnecessary or unreasonable.  The excessive use of force on Mr. Uzomba was not applied in a good faith effort to maintain or restore discipline, but instead was used to maliciously and sadistically cause harm to Mr. Uzomba violating Mr. Uzomba's rights.  Furthermore, Mr. Uzomba was a detainee and not given due process.

## IV.
## - COUNT ONE -
## VIOLATIONS OF THE UNITED STATES CONSTITUTION

10. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that Defendant Adams maintains a pattern and practice of depriving persons, including Mr. Uzomba, of their rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

    A. <u>Defendant Unreasonably Searched and Seized Mr. Uzomba in Violation of the Fourth Amendment of the United States Constitutions</u>

14. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that Defendant Adams deprived him of the right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures.

15. More specifically, Mr. Uzomba pleads that Defendant Adams' assault constituted

an unreasonable search and seizure of his person. Defendant Adams' conduct caused Mr. Uzomba to suffer severe physical and bodily injury and extreme emotional suffering. Defendant Adams' use of force was clearly excessive and failed to meet any conceivable law enforcement need. Defendant Adams' use of force was objectively unreasonable in that no reasonable law enforcement officer could conclude that assaulting a restrained person is a proper and acceptable form of search or seizure or that a person restrained in handcuffs can form the basis of an officer's probable cause to believe that a person poses a significant threat of death or serious physical injury to the officer or other person.

      B.    <u>Defendant Adams Violated Mr. Uzomba's Due Process Rights Under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution</u>

16. By and through his Second Amended Original Complaint, and pleading in the alternative, Mr. Uzomba pleads that Defendant Adams deprived him of his constitutional rights without due process of law.

17. More specifically, Mr. Uzomba pleads that Defendant Adams denied him due process of law in that he engaged in excessive force that resulted in summary punishment without due process of law. Defendant Adams' conduct in viciously assaulting Mr. Uzomba inflicted unnecessary and wanton pain upon him.

18. Further, Defendant Adams' assault was not undertaken in good faith to maintain or restore discipline but, rather, undertaken with the express intent to sadistically punish Mr. Uzomba for the very purpose of causing him harm. His conduct resulted in the infliction of cruel and unusual punishment upon Mr. Uzomba.

19. Mr. Uzomba pleads that Defendant Adams violated Mr. Uzomba's substantive due process rights in that Defendant Adams' assault violated Mr. Uzomba's zone of privacy as

defined and protected by the United States Constitution's penumbra of rights. Defendant Adams' conduct "shocks the conscience" of the civilized community.

## V.
## - COUNT TWO -
## VIOLATIONS OF 42 U.S.C. §1983

20. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that Defendant Adams, under color of statute, ordinance, regulation, custom, or usage, subjected, or caused to be subjected, Mr. Uzomba to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws. Apart from and in addition to Mr. Uzomba's pleadings of constitutional violations and described in roman numeral IV, Mr. Uzomba incorporates same by reference and pleads that Defendant Adams violated his civil rights as protected by 42 U.S.C. §1983 by unreasonably and illegally seizing his person and unreasonably punishing him without due process of law.

21. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that Defendant Adams deprived him of him civil rights. Under color of state law, Defendant Adams deprived him of his right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures.

22. More specifically, Mr. Uzomba pleads that Defendant Adams' heinous actions in assaulting and injuring him while he was restrained in handcuffs constituted an unreasonable search and seizure of his person. Defendant Adams' conduct caused Mr. Uzomba to suffer severe physical and bodily injury and extreme emotional suffering. Defendant Adams' use of force was clearly excessive and failed to meet any conceivable law enforcement need. Defendant Adams' use of force was objectively unreasonable in that no reasonable law enforcement officer could conclude that assaulting a restrained person is a proper and acceptable

form of search or seizure or that a person restrained in handcuffs can form the basis of an officer's probable cause to believe that a person poses a significant threat of death or serious physical injury to the officer or other person.

23. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that, under color of state law, Defendant Adams deprived him of his constitutional rights without due process of law. More specifically, Mr. Uzomba pleads that Defendant Adams denied him due process of law in that he engaged in excessive force that resulted in summary punishment. Defendant Adams' conduct in assaulting Mr. Uzomba inflicted unnecessary and wanton pain upon him. Further, Defendant Adams' assault was not undertaken in good faith to maintain or restore discipline but, rather, undertaken with the express intent to sadistically punish Mr. Uzomba for the very purpose of causing him harm. His conduct resulted in the infliction of cruel and unusual punishment upon Mr. Uzomba.

## VI.
## ASSAULT

24. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that Defendant Adams intentionally, knowingly, and/or recklessly caused physical contact with Mr. Uzomba when he knew or should have known that he would regard said contact as offensive.

## VII.
## DAMAGES

25. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that Defendant Adams has caused him grievous harms and damages. As a direct and proximate result of his violations of federal law, Defendant Adams has caused Mr. Uzomba to suffer severe physical pain and bodily injury; acute mental anguish including, but not limited to, extreme

distress and mental pain, intense feelings of fear and paranoia, low self-esteem, severe humiliation, belittlement, shame, uncontrollable panic attacks, intolerable crying spells, loss of sleep and appetite, and alienation of affection from family and friends. Mr. Uzomba will, in all likelihood and for the balance of his life, continue to suffer future mental anguish.

26. By and through his Second Amended Original Complaint, Mr. Uzomba pleads that Defendant Adams violated his civil rights with malice or reckless indifference to the federally protected rights of an aggrieved individual.

27. Mr. Uzomba was forced to secure the undersigned counsel to protect his civil rights and, therefore, requests an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PATRICK UZOMBA prays that, upon final trial on the merits, he recover judgment against DEFENDANT HAL ADAMS, said judgment entitling Mr. Uzomba to:

   a. Compensation for compensatory and punitive damages, in an amount to be fixed upon inquest;

   b. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

   c. All taxable costs of court expended in this lawsuit;

   d. Reasonable and necessary attorney's fees; and

   e. Such other and further legal relief, either at law or equity, to which Mr. Uzomba may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY

        Respectfully submitted,

        GALE, WILSON & SÁNCHEZ, P.L.L.C.
        MARK ANTHONY SÁNCHEZ, ESQ.
        CHRISTOPHER JOHN GALE, ESQ.
        115 East Travis Street, 19th Floor
        San Antonio, Texas 78205
        (210) 222-8899
        (210) 222-9526 (Telecopier)
        ATTORNEYS FOR PLAINTIFF

        By: /s/ Mark Anthony Sánchez
         MARK ANTHONY SÁNCHEZ, ESQ.
         TEXAS STATE BAR NO. 00795857
         CHRISTOPHER J. GALE, ESQ.
         TEXAS STATE BAR NO. 00793766

## CERTIFICATE OF SERVICE

  The undersigned counsel hereby certifies that a true and correct copy of the foregoing Plaintiff's Second Amend Original Complaint has been forwarded *via* E-File Notification on this the 22nd day of March, 2011 to Susan A. Bowen, Esq., Bexar County District Attorney's Office, 300 Dolorosa, Suite 4049, San Antonio, Texas 78205.

        /s/ Mark Anthony Sánchez
        MARK ANTHONY SANCHEZ, ESQ.

## NOTICE OF ELECTRONIC FILING

  The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Western District of Texas on the 22nd day of March 2011.

        /s/ Mark Anthony Sánchez
        MARK ANTHONY SANCHEZ, ESQ.

G:\MyFiles\1-Sanchez\ Uzomba, Patrick\Pleadings\Complaint-2nd Amended.doc